[Civ. No. 4517. First Appellate District, Division One.—June 28, 1923.]

## CARRIE E. COLLINS, Appellant, v. CLARK M. FOLLETTE et al., Respondents.

[1] QUIETING TITLE — DELIVERY OF DEED — EVIDENCE — NONSUIT.—In this action to quiet title to an interest in a certain city lot, the evidence having shown that there had been no delivery to plaintiff of the deed upon which plaintiff relied to establish her ownership, but that the same had been delivered to a third person with instructions to deliver it to the grantor upon her request or to plaintiff in case of the grantor's death, and that the grantor had subsequently called for the deed, which was delivered to her, the trial court properly granted defendant's motion for nonsuit on the ground that there had been no transfer of title to plaintiff.

---

1. Right of grantor to revoke deed delivered to stranger to be delivered by him to grantee after grantor's death, notes, *Ann. Cas.* 1915C, 378, 385, 388; 4 L. R. A. (N. S.) 816; 9 L. R. A. (N. S.) 317.

APPEAL from a judgment of the Superior Court of Alameda County. Dudley Kinsell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hamilton A. Bauer for Appellant.

Adams & Adams for Respondents.

RICHARDS, J.—This appeal is from a judgment of nonsuit. The plaintiff commenced this action against the defendant Clark M. Follette to quiet title to a certain lot in the city of Berkeley of which she alleged herself to be the owner and entitled to an undivided one-half of which the said defendant was making an adverse claim. In her complaint the plaintiff averred as the source of her title to the one-half interest in said lot to which said defendant Follette made claim to be that of a conveyance of the same to her by her sister, the deceased wife of said Follette, which said deed antedated by several years the conveyance to said Follette by his said wife, which formed the foundation of his adverse claim. By his answer in the case said Follette denied that said plaintiff was the owner of the said undivided portion of the premises in dispute in the action and in support of said denial alleged that the deed by which said plaintiff claimed to have received title to said portion of said premises had never in fact been delivered to said plaintiff by the grantor named therein but had been later destroyed by said grantor of her own volition and while she had and retained full control over the disposition of said document; and that thereafter and shortly before her death his said wife had by proper deed conveyed said undivided one-half of said premises to him. The cause went to trial upon the issues as thus framed; at the conclusion of the testimony offered in support of the plaintiff's case the trial court granted the defendants' motion for nonsuit and entered its judgment accordingly in the defendants' favor.

[1] The sole question presented upon this appeal is as to whether, giving the most favorable interpretation to the testimony adduced in support of the plaintiff's case, she had shown delivery of the instrument through which she claims title. We have examined the entire evidence in the case

and from such examination are entirely satisfied that there is no sufficient evidence showing delivery of said deed to support the plaintiff's claim of ownership in or to that portion of said premises to which the defendant Follette claims title under a later deed. The facts which are practically undisputed are these: The plaintiff, Carrie E. Collins, and her sister, Julia Blanch Golden, were for some years prior to June 1, 1916, the owners as tenants in common of the entire lot, the title to the undivided one-half of which is in dispute in this action, having acquired the same from their mother by deed of gift. Mrs. Collins lived in one of the houses on the property and on and for a short while prior to June 1, 1916, her sister, Mrs. Golden, was staying with her, having returned ill from a trip to Arizona. Her physician informed her that a serious operation was necessary and that she had better put her affairs in order before undergoing said operation. A notary and real estate dealer named Brown who knew both ladies was sent for and when he arrived Mrs. Golden asked him to make out a deed to an undivided one-half interest in the property to Mrs. Collins. At the time of making this request Mrs. Golden stated to Mr. Brown that she was going to the hospital for an operation and that if she did not survive it she wished her sister, Mrs. Collins, to have the property and that if she survived she wanted the deed back. She also asked him to make out a bill of sale to some jewelry in her sister's favor upon the same condition. Two witnesses were called in and one of these testified to substantially the same effect as the witness Brown with respect to the wishes of the grantor. The other witness who signed the deed as such does not recall that portion of the conversation between the grantor and the notary, while Mrs. Collins herself, when called as a witness, had no recollection as to that portion of the interview but does not deny that the interview as related by Brown and the other witness actually took place. The deed and bill of sale, when executed, were handed to Mrs. Collins, who read them over. They were then handed to the notary, who placed them in an envelope, making a memorandum thereon that it was to be delivered to Mrs. Golden upon her request or to be delivered to Mrs. Collins in case Mrs. Golden died. He took the documents to his office and kept them there until Mrs. Golden had survived her operation and called for them

about a year later and when he delivered them to her. Upon the presentation of the foregoing evidence the trial court held that there had been no delivery of the document in question with intent to deliver and hence no transfer of title to the grantee named therein. No other legitimate conclusion could have been drawn by the trial court and it follows necessarily that the motion for nonsuit made by the defendant Follette at the close of the plaintiff's case was properly granted.

The judgment is affirmed.

Tyler, P. J., and St. Sure, J., concurred.